Mr. Justice Cox
delivered the opinion of the Court:
This case was submitted on a brief for one side. The case is of this description : Mr. Sherman filed a Bill in the Equity Court setting forth that he had entered into an agreement with his wife that he should buy property, real estate, and take the title in her name in fee simple, and that she .should afterwards execute her will devising it to him after her death; that he bought one piece of property and she executed her will devising her estate to him after, her death, and subsequently he bought another piece which is the subject of this suit. Both he and his wife supposed that the will covered this after-acquired property, and she did not make a further will devising it to him, but died intestate as to the newly acquired piece, whereby it descended to her daughter, who *331 was a minor. The complainant filed his bill asking that the contract entered into by him and his wife should be carried into execution, and the daughter held to be a trustee for him as .to this property. The court, at Special Term, granted the relief prayed, after testimony had been taken and the minor had appeared by guardian ad litem etc. Then he undertook to sell the property, and the Real Estate Title Company raised the objection that the court had no jurisdiction to pass that decree. In the brief of the complaint it is said that when ■“Mr. Sherman attempted to sell the property, another self-constituted tribunal, one of the real estate title companies of the District, overruled the decision of the Equity Court, held that the decree was beyond the jurisdiction of the court to render, decreed that the property was the property of a minor which could only be sold under the Act of Congress of March 3, 1841 (5 Stat., 621), or under the Act of Maryland, of 1798, if necessary for the support of the minor, and thereby defeated a sale of the property that had been effected.” As the father had had the decree passed at the Special Term in his favor, he could not appeal from that in order to get the question to the General Term. This bill was thereupon filed in the name of the minor by her next friend. The complainant says that he had only one of two things to do, to meet the difficulty. One was to bring an action for slander of title, and the other was to file this bill of review in the minor’s name to set aside that decree oil the ground that the court had no jurisdiction to pass it. And thereupon the justice at Special Term certified the case to this court to be heard here in the first instance. •
Now, the position of the Real Estate Title Company was erroneous, because the bill was not filed to sell an infant’s property, but, on the contrary, it was filed on the very ground that in equity it was not the property of the infant, but to be treated as if the property had descended to the infant in trust for the father. Upon a review of the original cause, the court, however, would not be confined to the question of jurisdiction, but any error of law in the proceeding would be ground for setting aside the original decree. *332 Now, assuming that the court then had jurisdiction, was there any error in the court’s decree? There is no doubt that such a contract as the bill sets up would be null and void at common law, and it would not be aided by the Married Woman’s Act in force in this District, because it is a contract not in relation to the separate property of the wife at all, but a contract as to future property, and that future property was to be acquired by her from her husband. But courts of equity recognize the capacity of man and wife to-contract with each other, and will sustain certain contracts, if made for a valuable consideration, appearing to be for the mutual benefit of the parties. Just how far they will go is not perhaps defined altogether by any well ascertained limits; but Judge Story refers to a case very much like the present, in principle, viz., Livingston vs. Livingston, reported in 2 Johnson’s Chancery Reports, 537. In that case “the plaintiff in May, 1809, married Eliza Oothout, who was seized in fee in her own right of a house and lot (No. 56) in Greenwich street. After the marriage, the plaintiff expended $2,500 in repairs and improvements on the house. In April, 1814, the plaintiff and his wife agreed that he should purchase, in her name, another lot, and build a house thereon, and that the cost of erecting such new house should be paid out of the proceeds of the house and lot first mentioned, on a sale thereof for that purpose, to be made when the new house was completed.” The only difference between that and this case was that that was a contract with the wife in reference to property that she already owned, and the present one is in reference to property that she was to own. The bill stated that, in pursuance of this agreement, the plaintiff bought another lot for $6,000, which he paid for out of his own money and took a deed in his wife’s name; that he erected a house on the lot, in the building of which he expended above $16,000 of his own money ; that in September, 1815, he and his wife went to reside in the new house, and his wife, soon after, on the 21st day of the same month, died suddenly while the plaintiff, with her concurrence, was in treaty for the sale of the first *333 house and lot; that the wife of the plaintiff left two infant children, her heirs, and to whom the legal estate in both houses and lots descended. The plaintiff alleged that the consideration for the agreement between him and his wife having thus failed, he was entitled to avoid the agreement, and consider the children as trustees for the plaintiff in regard to the second house and lot.
The bill prayed that the defendants might be decreed to release the last-mentioned house and lot to him, or that the same might be sold, and he be reimbursed the moneys he had so advanced, out of the proceeds of such sale. ’ ’
Now, Chancellor Kent says: “ I entertain no doubt of the fairness and equity of the agreement between plaintiff and his late wife, as stated in the bill and proved by one of the witnesses. A husband and wife may contract, for a bona fide and valuable consideration, for a transfer of property from him to her. It was admitted as a clear point in the case of Tady Arundell vs. Phipps (10 Ves., 146-149), that a married woman, having separate property, may purchase, by the sale of it, other property, even of her husband, and have it limited to her separate use. Other authorities to the same point are referred to by Atherly (Mar. Sett., pp. 160, 161), who considers the point supported by reason as well as by authority. Though the agreement here was parol, yet it was carried into effect on the part of the plaintiff, and he has the clearest equity either to have the house and lot first mentioned sold, and the proceeds, or a part of them, paid over to him, or to have the second house and lot conveyed to him, on the ground of a failure of the contract by the sudden death of his wife. If there had been no issue between them, the hardship to the plaintiff would have been more striking in suffering the property in both lots to pass immediately to the wife’s collateral relations, but the principle of equity would not have been different. The circumstance that the heirs of the wife are the children of the plaintiff only gives a graver and more interesting character to the case. The presumption would undoubtedly be, in the first instance, that the conveyance to the wife was intended as an advancement and pro *334 vision for her. This presumption was admitted in the case of Kingsdon vs. Bridges, 2 Vern., 67, but I do not see why it may not be rebutted, as has been done in this case, by parol proof. In Finch vs. Finch, 15 Ves., 43, it was held that though, when a purchase is made in the name of a person who does not pay the purchase money, the party paying it is considered in equity as entitled, yet if the person whose name is used be a child of the purchaser, it is, prima facie, an advancement, but that it was competent for the father to show by proof, that he did not intend advancement, but used the name of his child only .as a trustee. If the agreement had here been for an exchange of lots, I might have thus ordered the infant heirs of the wife to convey to the plaintiff the house and lot first mentioned, considering them as infant trustees, according to the case of Smith vs. Hibbard, Dick., 730. But the agreement was that the first house and lot should be sold, and the plaintiff reimbursed out the proceeds for ‘ the expense of erecting such new houses.’ ”
Without reading the whole decision, which goes on to say that not only was that contract one fair in itself and proper to enforce, but that “ it was more beneficial to the infants to have this agreement specifically executed, than to have the new house and lot conveyed to the plaintiff. ’ ’ we hold that there was no error in the decree in the present case, and furthermore, as in the case I have referred to, we hold that the ruling of the court as to a constructive trus t, in the case referred to is plainly applicable to the present case. The husband bought the property, took the title in his wife’s name, paid the whole money, and under an agreement between them he was to have the property after his wife’s death.
We do not see any error in the decree at Special Term and the bill of review, therefore, must be dismissed.